**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY IVAN COGSWELL,<br><br>    Petitioner,<br><br>vs.<br><br><br><br>DR. JEFFREY BEARD, Secretary,<br><br>    Respondent. | CASE NO. 11CV1559-MMA (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 60]<br><br>**OVERRULING PETITIONER'S OBJECTIONS;**<br><br>[Doc. No. 64]<br><br>**DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE;**<br><br>[Doc. No. 43]<br><br>**DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**<br><br>[Doc. No. 65] |

    Petitioner Henry Ivan Cogswell, a state prisoner proceeding *pro se*, filed a first amended petition for writ of habeas corpus ("petition") pursuant to Title 28 of the United States Code, section 2254, challenging his 2006 conviction and sentence for, *inter alia*, multiple counts of forcible rape. *See* Doc. No. 43. Petitioner raises

- 1 -                                                                                                11CV1559

eleven separate grounds for relief. Respondent answered the petition, arguing that the Court should deny all of Petitioner's claims and dismiss the petition with prejudice. *See* Doc. No. 53. Petitioner filed a traverse. *See* Doc. No. 59.

The matter was referred to United States Magistrate Judge William V. Gallo for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule HC.2. Judge Gallo has issued a detailed and well-reasoned report recommending that the Court deny Petitioner's claims for relief without an evidentiary hearing and dismiss the petition with prejudice. *See* Doc. No. 60. Petitioner objects to the Report and Recommendation on multiple grounds. *See* Doc. No. 64. For the reasons set forth below, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.

## DISCUSSION

### 1. *Standard of Review*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### 2. *Analysis*

Petitioner objects to Judge Gallo's findings and recommendations as to all eleven claims raised in his petition. Petitioner's objections are primarily based on the arguments raised in his traverse. Judge Gallo thoroughly addresses those arguments in the Report and Recommendation. After conducting a *de novo* review of the entire record, the Court finds that Petitioner's objections are without merit. Further discussion is warranted only with respect to the issues raised in Claim 1 of the petition.

In his first claim, Petitioner asserts that he was denied his Sixth Amendment

1 confrontation rights when the trial court admitted the transcript of the victim's
2 preliminary hearing testimony in lieu of her live testimony at trial. The victim,
3 referred to as "Lorene," was living in Colorado at the time. Petitioner argues that the
4 prosecution failed to make a good faith effort to secure her attendance at trial.
5 *Barber v. Page*, 390 U.S. 719, 724-25 (1968). Petitioner presented this claim on
6 direct appeal from his conviction.

7 The California Court of Appeal analyzed the issue within the context of the
8 Uniform Act to Secure the Attendance of Witnesses from Without the State in
9 Criminal Cases ("the Act"), Cal. Pen. Code § 1334 *et seq*. One of the means
10 available under the Act for securing a witness's attendance at trial is taking the
11 witness into immediate custody and delivering the witness to a California officer.
12 *See* Doc. No. 14-2, Lodgment No. 2 at 14. As noted by the appellate court, "when a
13 party knows of the out-of-state location of a witness and does not attempt to secure
14 their presence by means of the Uniform Act, a witness is not unavailable" under
15 California's rules of evidence. *Id*. The appellate court determined that despite
16 Lorene's status as a victim of sexual assault, the custody and delivery provisions of
17 the Act were available for use by the prosecution to secure her attendance at trial.
18 *Id*. at 16. The court acknowledged the California Legislature's "strong intent to
19 protect victims of sexual assault from additional psychological trauma," but found
20 that the Act did not prohibit taking a sexual assault victim into custody in order to
21 fulfill the victim's obligation to appear in court. *Id*. at 16-19. Because the custody
22 and delivery provisions were available but not used, the appellate court concluded
23 that the prosecution failed to exercise the necessary diligence in securing Lorene's
24 attendance at Petitioner's trial. The Court of Appeal determined that the admission
25 of Lorene's preliminary hearing testimony at trial was prejudicial error and ordered
26 the judgment of conviction reversed. *Id*. at 21.

27 The Attorney General petitioned the California Supreme Court for review of
28 the appellate court's decision, arguing that even though the custody and delivery

provisions of the Act were available the prosecution was not required to invoke those provisions in order to demonstrate Lorene's unavailability as a witness at Petitioner's trial. *See* Doc. No. 14-3, Lodgment No. 3 at 9. The California Supreme Court agreed and reversed the judgment of the Court of Appeal. The high court held that the prosecution exercised reasonable diligence in attempting to secure Lorene's presence at trial. The court noted that taking a material witness into custody to ensure that witness's attendance at trial is an extreme measure, such that the prosecution's decision not to take such measures can be – and in this case was – reasonable. *Id.* at 12.

On collateral review, this Court's duty is to determine whether the California Supreme Court's reasoned decision involved an objectively unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). This is a highly deferential standard of review. *Felkner v. Jackson*, 562 U. S. ___, ___, 131 S. Ct. 1305, 179 L. Ed. 2d 374, 378 (2011).

The Sixth Amendment's Confrontation Clause prohibits the admission of an out-of-court testimonial statement at a criminal trial unless the witness is unavailable to testify and the defendant had a prior opportunity for cross examination. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). A witness is not unavailable "'unless the prosecutorial authorities have made a good-faith effort to obtain [the witness's] presence at trial.'" *Hardy v. Cross*, 132 S. Ct. 490, 493 (2011), quoting *Barber v. Page*, 390 U.S. at 724-25. As the Supreme Court recently explained, "the deferential standard of review set out in 28 U. S. C. §2254(d) does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken. Under AEDPA, if the state court decision was reasonable, it cannot be disturbed." *Hardy v. Cross*, 132 S. Ct. 490, 495 (2011).

Here, the California Supreme Court's finding that the prosecution exercised reasonable diligence in attempting to secure Lorene's attendance at Petitioner's trial

was neither contrary to nor an unreasonable application of relevant Supreme Court precedent.[1] The state court properly focused its analysis on the reasonableness of the prosecution's actions, and thus its interpretation of California state law was compatible with applicable federal law.

Within the context of his first claim for relief, Petitioner also argues that he did not have an adequate opportunity to cross examine the victim at the preliminary hearing. *See Roberts*, 448 U.S. at 73 (requiring there to have been an adequate opportunity for cross-examination before a transcript will be admitted in lieu of live testimony). Petitioner asserts that a preliminary hearing is "a much less searching exploration into the merits of a case than trial," and therefore the cross examination at the hearing was not sufficient to protect his Sixth Amendment rights. *See* Doc. No. 64 at 5, quoting *Barber v. Page*, 390 U.S. at 725. However, "no inquiry into [the] 'effectiveness'" of a cross-examination is required. *Roberts*, 448 U.S. at 73 n.12. The Constitution affords the accused "only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) (internal citations and quotation marks omitted). Petitioner had the opportunity to cross examine Lorene at the preliminary hearing, an opportunity of which he took full advantage. As such, the state court's ultimate adjudication of the matter was neither contrary to nor an unreasonable application of federal law.

For the reasons set forth in the Report and Recommendation, and discussed

---

[1] Although not relevant for purposes of AEDPA review, the Court notes that the California Supreme Court's holding in this case is consistent with Ninth Circuit law. *See* 28 U.S.C. § 2254(d) (defining "clearly established federal law" to be law "as determined by the Supreme Court of the United States"). In *Dres v. Campoy*, 784 F.2d 996, 1000 (9th Cir. 1986), a pre-AEDPA case, the circuit court held that a prosecutor made a good faith effort to obtain a witness even though the Uniform Act was not utilized. The court emphasized that using the custody and delivery provisions of the Act could potentially run afoul of California's state constitution, which prohibits the unreasonable detention of witnesses. *Id.*, citing Cal. Const., art. I, § 10. In light of both "tactical" and constitutional considerations, the circuit court found that "the prosecutor acted in good faith when he decided to use means other than the Uniform Act for procuring [the witness's] attendance at trial." *Id.*

herein, the Court denies Petitioner's claims for relief.

### CERTIFICATE OF APPEALABILITY

Petitioner moves for the issuance of a certificate of appealability as to Claims 1-10 in the petition. A district court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. Rule 11(a) of the RULES GOVERNING SECTION 2254 CASES. Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability as to any claims or issues raised in his petition.

### CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES** Petitioner's First Amended Petition for Writ of Habeas Corpus with prejudice. The Court **DENIES** Petitioner's motion for a certificate of appealability and **DECLINES** to issue a Certificate of Appealability.

The Clerk of Court shall terminate this case and enter judgment in favor of Respondent.

**IT IS SO ORDERED**.

DATED: May 21, 2014

*Michael M. Anello*
Hon. Michael M. Anello
United States District Judge